IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NUR QADR, *also known as* JEFFREY )
PRATT, )
  )
 ) Civil Action No. 19-310E
Plaintiff, ) District Judge Susan Paradise Baxter
 ) Magistrate Judge Maureen P. Kelly
v. )
 ) Re: ECF No. 3
EMPLOYEE YOUNT, EMPLOYEE )
TREMINE, and EMPLOYEE GIL, )
 )
Defendants. )

## MEMORANDUM ORDER

Plaintiff Nur Qadr, also known as Jeffrey Pratt ("Plaintiff"), brings this civil rights action arising out of allegations that Defendants deprived him of religious items while he was incarcerated at State Correctional Institution at Forest. Presently before the Court is a Motion for Recusal of the undersigned filed by Plaintiff. ECF No. 3. For the reasons that follow, the Motion will be denied.[1]

Section 455(a) provides that "any justice, judge, or magistrate of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The inquiry under section 455(a) is 'whether the record, viewed objectively, reasonably supports the appearance of prejudice or bias.'" Pondexter v. Allegheny Cnty. Hous. Auth., No. 11-857, 2012 WL 1621370, at *2 (W.D. Pa. May 9, 2012) (quoting U.S. v. Pungitore,

---

[1] In his Motion for Recusal, Plaintiff also requests that the Court grant him an extension of time to amend his Complaint. The Court notes that Plaintiff's case is currently closed due to Plaintiff's failure to cure deficiencies in his Motion for Leave to Proceed *In Forma Pauperis*, and this request is therefore denied without prejudice at this time. See ECF No. 2. If Plaintiff cures the deficiencies and this case is re-opened, he may seek leave to submit an Amended Complaint at that time.

No. Civ. A. No. 88-00003-09, 2003 WL 22657087, at *4 (E.D. Pa. Oct. 24, 2003)). "A party seeking recusal need not show actual bias on the part of the court, only the possibility of bias." In re Prudential Ins. Co. Am. Sales Practices Litig, 148 F.3d 283, 343 (3d Cir. 1998). A judge, however, is presumed to be impartial and thus the party seeking disqualification has a substantial burden and must assert "objective facts" that demonstrate "an appearance of impropriety." Phillips v. James, No. 13-1196, 2014 WL 1652914, at *4-5 (W.D. Pa. Apr. 23, 2014) (quoting U.S. v. Martorano, 866 F.2d 62, 68 (3d Cir. 1989)). The test is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. In re Prudential Ins. Co., 148 F.3d at 343; see also Liteky v. United States, 510 U.S. 540, 548 (1994).

It is, however, "vital to the integrity of the system of justice that a judge not recuse [herself] on unsupported, irrational or highly tenuous speculation." Pondexter, 2012 WL 1621370, at *2 (quoting McCann v. Communications Design Corp., 775 F. Supp. 1506, 1523 (D. Conn. 1991)). Thus, "the judge has an 'affirmative duty not to recuse [herself] if the movant fails to establish a reasonable doubt concerning [her] impartiality.'" Id. (quoting Grand Entm't Grp. Ltd. v. Arazy, 676 F. Supp. 616, 619 (E.D. Pa. 1987)). Furthermore, "when proceedings are brought under 28 U.S.C. § 455(a), a judge need not accept as true the motion's factual allegations, but may contradict them with facts drawn from [her] own personal knowledge." Id. (quoting Mass. School of Law at Andover, Inc. v. American Bar Ass'n, 872 F. Supp. 1346, 1349 (E.D. Pa. 1994)).

Here, Plaintiff seeks the undersigned's recusal because he claims that this Court "set hurdles" with respect to his prior case, which could only be overcome by a skilled attorney "who knows how to apply the facts with the case law," and argues that his Motion for Appointment of Counsel was improperly denied. ECF No. 3 at 3. A party's displeasure with the Court's previous

2

rulings, however, is not an adequate basis for recusal. Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000); see also Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir. 1990) ("[d]isagreement with a judge's determinations certainly cannot be equated with the showing required to so reflect on his impartiality as to dictate recusal").

To the extent Plaintiff further suggests that I "told employee's to harass and obstruct and deny the Plaintiff legal materials, use of law library, and legal assistance because the Plaintiff was going forward with the case," ECF No. 3 at 3, this is a false accusation and is therefore not a proper basis for recusal. See Pondexter, 2012 WL 1621370, at *2. Accordingly, Plaintiff's Motion does not set forth a valid basis for recusal, and the Motion for Recusal is denied.

## ORDER

AND NOW, this 10th day of December, 2019, IT IS HEREBY ORDERED that Plaintiff's Motion for Recusal, ECF No. 3, is DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

3